IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED AUG 3 '01 AM 9:59 USDCALS

| | |
|---|---|
| GONZALO FITCH MONTIEL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 01-447-BH-S |
| ) | Three-Judge Court |
| DON DAVIS, et al. ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDMENT TO COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF

Plaintiff Gonzalo Fitch Montiel, pursuant to Fed. R. Civ. P. 15, hereby amends his Complaint for Declaratory, Injunctive, and Other Relief regarding reapportionment of present State Legislative, Congressional, and Board of Education districts in the State of Alabama, which was filed with this Court on June 21, 2001 (DOC #1) (hereinafter referred to as "Complaint"), as follows:

### AMENDMENT TO PARAGRAPH ONE

1. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in Paragraph 1 of the Complaint and amends Paragraph 1 of his Complaint to seek further relief in his malapportioned Congressional district under Article I, Section 2 of the United States Constitution.

2. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in Paragraphs 2 through 42 of his Complaint.

## AMENDMENT TO PARAGRAPH FORTY-THREE

3. Paragraph 43 of Plaintiff's Complaint is amended to reflect factual changes that have occurred since the filing of his original Complaint.

4. The Alabama Constitution requires that the Alabama Legislature reapportion itself in the first legislative session following the decennial census. Ala. Const. of 1901, art. IX, § 198. The Legislature concluded its last regular legislative session on May 21, 2001 after the census data was made available to the State of Alabama in March 2001. No reapportionment plan was enacted by the Legislature in the 2001 regular session, nor was any reapportionment plan offered by any legislator during the legislative session.

5. The Legislature was called into special session by the Governor beginning on June 25, 2001. In this special session, the Legislature enacted Act 2001-727 and Act 2001-729, which were signed into law by the Governor on July 3, 2001. This legislation has not been precleared by the United States Department of Justice as required by Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973 (c). This legislation creates legislative districts consisting of a total of eight (8) black majority Senate districts and twenty-seven (27) black majority House districts.

## AMENDMENT TO PARAGRAPH FORTY-FOUR

6. Paragraph 44 is amended to reflect Act 2001-727 and Act 2001-729. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in paragraph 44 of the Complaint. Plaintiff Montiel further alleges that Acts 2001-727 and 2001-729, if precleared under Section 5 of the Voting Rights Act, violate the United States Constitution and Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973 (c) by creating malapportioned State Senate and House districts with deviations from equal population that are not based on legitimate considerations incident to the effectuation of a rational state policy but, instead, are based on a policy of racial maximization in the creation of the State Senate and House districts.

7. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in paragraphs 45 through 54 of the Complaint.

8. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in Count One of the Complaint and in paragraphs 55 through 57 of the Complaint.

9. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in Count Two of the Complaint and in paragraphs 58 through 60 of the Complaint.

## AMENDMENT TO PARAGRAPH 60

10. Plaintiff Montiel amends Paragraph 60 of the Complaint to include a request for additional constitutional protection for violations of Article I, Section 2 of the United States Constitution.

11. Plaintiff Montiel realleges and incorporates by reference herein each and every allegation in Count Three of the Complaint and in paragraphs 61 through 63 of the Complaint.

## COUNT FOUR

## EQUAL PROTECTION

### Race-Based Districting to Achieve Black Majority District Maximization

64. Plaintiff Montiel incorporates paragraphs 1 through 63 herein by reference as through fully set out hereinafter.

65. Act 2001-727 and Act 2001-729 signed into law by the Governor on July 3, 2001 sustain a policy of racial maximization of State Senate and State House districts established in the 1993 Reed-Buskey Plan in violation of the Fourteenth Amendment. The districts created in Acts 2001-727 and 2001-729 are malapportioned to achieve a goal of racial maximization.

66. Plaintiff Montiel's State Senate and State House districts are overpopulated from the ideal populations of State Senate and House districts to

achieve the goal of racial maximization rather than on legitimate considerations to effectuate a rational state policy.

67. If elections are allowed to proceed under Acts 2001-727 and 2001-729, Plaintiff Montiel's constitutional rights will be violated under the Fourteenth Amendment of the United States Constitution by state officials acting under color of state law.

## COUNT FIVE
## SECTION 2 OF THE VOTING RIGHTS ACT

68. Plaintiff Montiel incorporates paragraphs 1 through 67 herein by reference as through fully set out hereinafter.

69. Act 2001-727 and Act 2001-729 established a voting standard, practice, and procedure to be applied in state elections to achieve a goal of maximization of black majority districts by overpopulating white majority districts, including Plaintiff Montiel's malapportioned State Senate and State House districts.

70. Act 2001-727 and Act 2001-729 create an election scheme that violate Section 2 of the Voting Rights Act by establishing election districts that dilute Plaintiff Montiel's vote in order to achieve a goal of maximization of black majority districts and achieve proportional representation for black citizens in state legislative districts that equal the overall black population in the State of Alabama.

These state laws, therefore, violate Section 2 of the Voting Rights Act and should not be used in any future election.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court will render judgment against the Defendants and provide the following relief:

    A.    Convene a Court of three Judges pursuant to 28 U.S.C. § 2284 with respect to Counts I and II of this Complaint;

    B.    Certify a plaintiff class of all citizens of the State of Alabama underrepresented in the Alabama Senate, Alabama House of Representatives, Alabama Congressional districts, and Alabama State Board of Education districts, naming Plaintiff Gonzalo Fitch Montiel as class representative;

    C.    Certify a defendant class of all Probate Judges in the State of Alabama naming Defendant Don Davis as class representative;

    D.    Enter declaratory relief that this Court has jurisdiction over the reapportionment process in Alabama to issue appropriate orders and grant relief because of the State of Alabama's failure to apportion population pursuant to 2000 census data and in compliance with the United States Constitution and federal law;

E. Enter declaratory relief that the present apportionment of the Alabama Senate and Act 2001-727 violate the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that the current districts are not in compliance with the principle of one person, one vote; and that Act 2001-727 violates Section 2 of the Voting Rights Act;

F. Enter declaratory relief that the present apportionment of the Alabama House of Representatives and Act 2001-729 violate the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that the current districts are not in compliance with the principle of one person, one vote; and that Act 2001-729 violates Section 2 of the Voting Rights Act;

G. Enter declaratory relief that the present apportionment of the Alabama congressional districts violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that the current districts are not in compliance with the principle of one person, one vote;

H. Enter declaratory relief that the present apportionment of the Alabama State Board of Education violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that the current

districts are not in compliance with the principle of one person, one vote;

I. Enter declaratory relief that this Court shall exercise continuing jurisdiction over the reapportionment process in Alabama because of the important rights at stake and the need for relief for violations of the United States Constitution that have occurred, are occurring, and which may occur in the future;

J. Enter injunctive relief prohibiting Defendants from conducting any elections pursuant to Act 2001-727, pursuant to Act 2001-729, or pursuant to the current reapportionment plans being used by the State of Alabama for elections involving the Alabama Senate, Alabama House of Representatives, the United States House of Representatives, or the Alabama State Board of Education;

K. Enter injunctive relief after a hearing on the merits declaring the boundaries of Alabama Senate districts, Alabama House districts, Alabama Congressional districts, and Alabama State Board of Education districts under new reapportionment plans based upon 2000 census data for use in the elections to be conducted in 2002;

L. Advance this matter forward for a hearing on the merits on this Complaint;

M.  Issue an Order awarding to the Plaintiff his court costs, costs of this action, including reasonable attorneys' fees and all expenses pursuant to 42 U.S.C. § 1988;

Grant further and different relief as this Court may deem appropriate.

Respectfully submitted this the 2Nd day of August 2001.

*/s/ Mark G. Montiel*

Mark G. Montiel
Attorney Identification # ASB-9485-T68M
Attorney for the Plaintiff,
  Gonzalo Fitch Montiel

OF COUNSEL:
MARK G. MONTIEL, P.C.
6752 Taylor Circle
Montgomery, AL  36117
(334) 396-3331
(334) 396-4465 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon:

John J. Park
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

by placing a copy in the United States mail, properly addressed and postage prepaid, this the 2nd day of August 2001.

_____
Of Counsel