FILED NOV 8 '01 AM11:52 USDCALS

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GONZALO FITCH MONTIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 01-0447-BH-S |
| DON DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

One issue now before this court is whether plaintiff's claims, as amended, of malapportionment of the Alabama Senate and House districts are moot in view of the preclearance by the U.S. Attorney General of Alabama Acts 2001-727 (Alabama Senate redistricting plan) and 729 (Alabama House redistricting plan).

In his amended complaint, the plaintiff challenges these acts as violating: (1) the Equal Protection Clause in that plaintiff's "State Senate and State House districts are overpopulated from the ideal populations of State Senate and House districts to achieve the goal of racial maximization rather than on legitimate considerations to effectuate a rational state policy"; and (2) "Section 2 of the Voting Rights Act by establishing election districts that dilute plaintiff Montiel's vote in order to achieve a goal of maximization of black majority districts. . ." First Amended Complaint (Doc. 18) at ¶¶ 66 and 70.

The State defendants have now equated plaintiff's challenges as a racial gerrymandering claim governed by *Sinkfield v. Kelly*, 531 U.S. 28 (2000) and *United States v. Hays*, 515 U.S. 737 (1995) and argue that plaintiff lacks standing to assert such a claim. State Defendants' Brief (Doc. 42) at ¶ 3. The state defendants also claim that plaintiff lacks standing because he resides in an underpopulated district and is not injured. *Id.* The State defendants thus dispute the factual allegation in the Amended Complaint that plaintiff resides in "overpopulated" districts, a subject more appropriately addressed in a motion for summary judgment filed at the conclusion of discovery.[1]

Plaintiff has clarified his challenge to Acts 2001-727 and 729. Plaintiff essentially asserts that, although the standard deviation under the new districting plans does not exceed 10%, his challenge is cognizable because he alleges that the Alabama Legislature's failure to "make an honest and good faith effort to construct districts . . . as nearly of equal population as is practicable" is the result of the unconstitutional or irrational purpose, namely racial maximization which has diluted plaintiff's vote. Plaintiff's Brief (Doc. 39) at 2-4; Plaintiff's Reply Brief (Doc. 49) at 3-7. *See also, Marylanders for Fair Representation v. Schaefer*, 849 F.Supp. 1022, 1032 (D. Md. 1994) ("a plan with a maximum deviation below ten percent could still be successfully

---

[1] The Governor contends that the plaintiff has failed to identify the actual legislative districts in which he resides and that "[s]urely, alleging plaintiff lived in a district that injures his right as a voter would be a minimum requirement of standing in order to show the requisite injury." Governor's brief (Doc. 43) at p. 6. Such is clearly a challenge to the sufficiency of the pleadings but the Governor has not filed a motion for a more definite statement. In any event, as stated above, the matter involve issues of disputed facts which are more appropriately resolved on summary motion after adequate discovery.

2

challenged, with appropriate proof, . . . that the minor deviation was a result of an unconstitutional or irrational purpose.").

The court will allow the plaintiff to amend his complaint with respect to his challenge of these statutes in view of both his expressed desire to do so and the Governor's apparent desire for a more definite statement.

It is therefore **ORDERED** as follows:

1. Defendants' motions to dismiss plaintiff's challenges to Alabama Acts 2001-727 and 729 be and are hereby **DENIED**.

2. Plaintiff may amend his complaint with respect to his challenge of Alabama Acts 2001-727 and 729, provided such amendment is **FILED** no later that November 26, 2001.

3. Defendants shall **ANSWER** or otherwise respond to plaintiff's amended complaint in accordance with the Federal Rules of Civil Procedure.

DONE this 8th day of November, 2001.

_____
Susan H. Black
United States Circuit Judge

_____
W. B. Hand
United States Senior District Judge

_____
Inge P. Johnson
United States District Judge